

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,099-01

### EX PARTE JOSHUA STOCKER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-15307-A-1 IN THE 47TH DISTRICT COURT
### FROM RANDALL COUNTY

*Per curiam*. **RICHARDSON, NEWELL AND WALKER, JJ., dissenting.**

## O R D E R

Applicant was convicted of capital murder and sentenced to life years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Stocker v. State*, No. 07-05-0284-CR (Tex. App. — Amarillo May 16, 2007) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant claims that two of his co-defendants, Tori Patrick and Guinn Garcia were granted use immunity agreements two years before his trial took place and that both witnesses were instructed to lie about the agreements. Applicant contends that the prosecutor sponsored his investigator to lie about the existence of the agreements to bolster the testimony of the co-defendants

through aggravated perjury. In response to this Court's remand order, the trial court conducted a live habeas hearing and made findings of fact and conclusions of law. The trial court concludes that Applicant has suffered a *Brady* violation by the untimely disclosure of the use immunity agreement signed by co-defendant Tori Patrick, by the State's denial of the existence of the agreement, and by the State's failure to correct misleading testimony about the agreement during Applicant's trial. The trial court concludes that it is likely that the jury might have reached a different conclusion had they been informed of Tori Patrick's signed use immunity agreement.

This Court's independent review of the entire record suggests that although the State did fail to disclose the existence of the signed use immunity agreement with Tori Patrick, Patrick did testify at Applicant's trial that her understanding was that her testimony would not be used against her. The State did disclose to the defense the existence of a signed use immunity agreement with Guinn Garcia, and there was testimony from the State's investigator indicating that all the State's witnesses were given an opportunity to sign a use immunity agreement. Based on the entire trial record, it appears that the strength of the other evidence at trial was such that the result of the trial would not likely have been different had the jury been informed that Tori Patrick had signed a use immunity agreement. Relief is denied.


Filed: April 1, 2020
Do not publish